CARTER, Judge,
dissenting.
I respectfully disagree with my learned brethren and agree with the trial court that the motion for declaratory judgment by summary process under the facts presented was both procedurally correct and substantively sound.
The' suit for declaratory judgment presented no issues of fact and only one issue of law, viz., what theory of recovery Louisiana courts will recognize in asbestosis cases, and as a result of this, who will be obligated to defend McCarty. I fail to see the tenuous distinction that my learned brethren make in the majority opinion as to the unavailability of declaratory judgment in a summary manner. and likewise, its availability if an ordinary proceeding is in *1343 stituted. Although the case sub judice came before us in a summary proceeding, the information in the record is the identical evidence that would have been presented in an ordinary proceeding. Therefore, I see no reason for refusing to hear the case at this time and in its present form.
We are presented with a situation where McCarty bought and paid for liability insurance coverage through several different companies over many years. However, once suit was filed against McCarty, each insurer, relying on a different theory of recovery, contended that some other insurer rather than itsélf was responsible for providing coverage. Indeed, one of the insurers sought to be dismissed from the suit on a motion for summary judgment. I believe we can and should decide the coverage issue that has been presented to us, and thereby require the proper insurer to provide a defense and ultimately assume liability in the event judgment is rendered against McCarty.